# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**KEISHA HANKS; AUDIE HANKS**                                              **PLAINTIFFS**

**v.**                                                                           **CAUSE NO. 3:12-CV-467-CWR-FKB**

**LEONARD J. PORTER; SCHNEIDER**                                  **DEFENDANTS**
**NATIONAL CARRIERS, INC.**

## ORDER

Before the Court is the plaintiffs' motion to remand. Docket No. 6. The defendants have responded, Docket No. 9, the plaintiffs have replied, Docket No. 11, and the matter is ready for review. The motion will be denied.

*I.*     *Factual and Procedural History*

Keisha and Audie Hanks allege that they were rear-ended on November 22, 2009, in an accident caused by Leonard Porter. Docket No. 1-1, at 3. On June 27, 2012, they brought this suit in the Circuit Court of Copiah County against Porter and his employer, Schneider National Carriers. *Id.* at 1, 3.

On July 2, Schneider was served with a summons and copy of the complaint. Docket No. 6-2. On July 6, it removed the suit to this Court alleging complete diversity of the parties and an amount in controversy in excess of $75,000. Docket No. 1, at 1-2.

On July 9, Porter was served with a summons and copy of the complaint through his daughter at his purported home address. Docket No. 6-3. A copy of those documents was then mailed to that address. *Id.* As a result, service was deemed complete on July 19. Docket No. 12, at 3-4.

*II.*     *Present Arguments*

The plaintiffs argue that the Notice of Removal was defective because Porter did not timely join in its filing. Docket No. 6, at 3. Porter, they say, had to join in removal within 30 days of July 2, the date Schneider was served. *Id.* at 8.[1]

The defendants respond that service on Porter was improper because he had not lived at the

---

[1] Porter joined in the Notice of Removal on August 7, one day after the plaintiffs moved to remand. Docket No. 8.

address where his daughter received process for almost two and a half years, and because she was not authorized to accept service on his behalf. Docket Nos. 9, at 2; 9-1. Assuming service was valid, though, they claim that (1) Porter did not have to join in the Notice of Removal because it was filed before he was served, and (2) the timing of his service would have left him with only 13 days to join in removal, warranting an equitable exception to the usual rule. Docket No. 10, at 6-9.

The plaintiffs reply that Porter was properly served because the address in question was the address he listed on his driver's license and provided for inclusion on the vehicle accident report, which gave them a "right to rely on its accuracy." Docket No. 12, at 3, 5. The plaintiffs then contend that the defendants' attorneys failed to act with reasonable diligence because the attorneys allegedly knew when they filed the Notice of Removal that they represented Porter, yet did not attempt to secure his consent to removal. *Id.* at 3-4, 7-10. Equity, they say, requires remand. *Id.* at 8-10.

III.    *Standard of Review*

"The district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citation omitted). "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10-CV-636, 2011 WL 2112416, *2 (S.D. Miss. May 26, 2011) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11-CV-273, 2011 WL 3290394, *3 (S.D. Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction.") (citations and quotation marks omitted). "Defective removal procedure is a proper ground for

2

remand." *Spillers v. Tillman*, 959 F. Supp. 364, 368 (S.D. Miss. 1997) (citations omitted).

IV.     Discussion

It is undisputed that the parties are completely diverse and the amount in controversy exceeds $75,000. The sole issue is whether the Notice of Removal is defective for not being joined by all defendants within 30 days of the first defendant's service.

The Court will assume without deciding that Porter was properly served. That leaves two relevant dates: July 6, when Schneider filed its Notice of Removal, and July 19, the date of Porter's effective service. It is therefore clear that at the time Schneider removed this suit, Porter had not been served. That fact controls the outcome of this motion.

The Fifth Circuit has long held that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted). The court's language suggests that the rule applies only to those defendants who have been served at the time the Notice of Removal is filed. *See id.* at 1261 n.9 ("This statute has been interpreted to require that all *then served* properly joined defendants join in the removal petition.") (emphasis added); *id.* at 1263 ("all *served* defendants must join in the petition no later than thirty days from the day on which the first defendant was served") (emphasis added); *id.* at 1263 n.12 ("exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served.") (quotation marks, brackets, and citation omitted).

To the extent this language was not clear, the court later held that a defendant's failure to join in a Notice of Removal was "not a bar to the federal court's jurisdiction" where the defendant "could not have joined in it because . . . [he] was not even served until after the case had been removed." *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

Given these cases, other courts in this district have summarized the law as follows: "Consent to removal is not required from: (1) improperly or fraudulently joined parties; (2) nominal or unnecessary defendants; and (3) defendants who have not been served by the time of the removal." *Jones v. Watts*, No. 5:10-CV-189, 2011 WL 2160915, *5 (S.D. Miss. June 1, 2011) (citations omitted); *McDonald v. Raycom TV Broad., Inc.*, No. 3:09-CV-136, 2009 WL 1149569, *1 (S.D. Miss. Apr. 29, 2009) (same); *Spillers*, 959 F. Supp. at 368.

Accordingly, Schneider's unilateral removal of this suit on July 6 was acceptable because

at the time there were no other served defendants that were required to consent to removal. *See Jones*, 979 F.2d at 1007; *see also Getty Oil*, 841 F.2d at 1263 ("if a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand.") (citing 28 U.S.C. § 1448); *Williams ex rel. Williams v. Illinois Central R.R. Co.*, No. 2:94-CV-97, 1994 WL 1890829, *1 (N.D. Miss. Oct. 11, 1994) ("A defendant is not obliged to wait until all codefendants are served before removing an action to federal court.") (citing *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993)).

The plaintiffs' remaining equitable arguments are unavailing. It is not persuasive that because two defendants may eventually be represented by the same attorney, that counsel for a served defendant is required to anticipate whether he will represent a non-served defendant and take appropriate action. Further, even if Schneider's counsel knew that he would represent Porter (in the event Porter was served), it was not possible to predict whether service would have been effected. That was up to the plaintiffs.[2]

In short, defense counsel was not required to wait and see whether Porter would have been served before invoking Schneider's right to removal. When Porter was served, moreover, he joined in the Notice of Removal within 30 days. Equity does not support remand.

V. *Conclusion*

The motion to remand is denied.

**SO ORDERED**, this the 14th day of November, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (describing the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").