IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**AUDIE HANKS**                                                                                          **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:13-cv-286-CWR-FKB**

**LEONARD J. PORTER; SCHNEIDER**                                              **DEFENDANTS**
**NATIONAL CARRIERS, INC.**

## ORDER

Before the Court are Defendants' Motion for Partial Summary Judgment on Punitive Damages [60], Motion for Partial Summary Judgment on Certain Damage Claims [63], and Motion to Strike or Limit Testimony of Plaintiff's Designated Experts [65]. Having considered the parties' submissions and relevant law, the Court finds that the motions should be granted in part and deferred in part.

This matter is a diversity action arising from a three-vehicle accident that took place on November 22, 2009, near Hazlehurst, Mississippi. Audie Hanks is suing Schneider National Carriers, Inc. ("Schneider National") and Leonard Porter for injuries Hanks sustained as a result of the accident, which Porter allegedly initiated while driving a tractor trailer on behalf of Schneider National. Hanks' Complaint asks for, among other damages, punitive damages and compensatory damages for loss of earnings, loss of wage-earning capacity, and "past, present and future medical expense[s]." Docket No. 1-1, at 5-7.

In response to the Defendants' motions for partial summary judgment, Hanks concedes that he is not entitled to punitive damages, Docket No. 67, at 1, and he stipulates that he will not pursue claims for loss of earnings or wages, Docket No. 69, at 4. Therefore, partial summary judgment shall be granted in favor of the Defendants as to punitive damages and loss of earnings and wages.

The parties disagree about whether Hanks has sufficient evidence to survive summary judgment on the issue of certain future medical expenses. Hanks relies heavily on the deposition testimony of one of his treating physicians, Dr. Thomas Bertuccini, in opposition to the Defendants' motion. The record indicates that Hanks was scheduled to have a follow-up visit with Bertuccini a few months after Bertuccini's October 2013 deposition. *See* Docket No. 69-10, at 49. The Court finds it appropriate to defer ruling on future medical expenses until after the pre-trial conference, prior to which time the plaintiff shall provide any supplemental medical information related to the follow-up appointment, if it has occurred.

Lastly, the Defendants move to strike or limit the testimony of several of Hanks' experts: (1) Dr. Rodney Burns, radiologist; (2) Dr. J. Ted Reaux, chiropractor; (3) and C. David Channell, financial analyst. The Defendants argue that as treating medical providers who have not submitted expert reports, Burns and Reaux must limit their expert testimony to "the treatment provided and 'to those facts and opinions contained in [the] medical records.'" Docket No. 65, at 3 (quoting *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 WL 4287730, at *3 (N.D. Tex. Sept. 18, 2008)). Hanks has agreed that he "will not seek to introduce evidence of future medical treatment or costs, medical disability ratings, or any future pain and suffering of the Plaintiff through Dr. Burns or DC Reaux," but that he "may seek to have these medical providers testify as lay witnesses about the facts and opinions of the medical treatment they provided to the Plaintiff and found in the medical records." Docket No. 71, at 2-3. Thus, Burns' and Reaux's testimony shall be limited accordingly.

The Defendants also argue that although Hanks designated Channell as an expert, no reports or opinions were produced for Channell as required by Federal Rule of Civil Procedure

2

26(a)(2), and that consequently, Channell should not be allowed to offer expert opinion.  In response to the motion, Hanks withdrew Channell from his list of potential witnesses.  Docket No. 71, at 4.

Based on the foregoing, the Defendants' Motion for Partial Summary Judgment on Punitive Damages [60] and Motion to Strike or Limit Testimony of Plaintiff's Designated Experts [65] are GRANTED.   The Defendants' Motion for Partial Summary Judgment on Certain Damage Claims [63] is GRANTED IN PART and DEFERRED IN PART.

**SO ORDERED**, this the 19th day of February, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
